U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 2 6 2017

TONY R. MOORE, CLERK
BY: MB
DEPUTY

**THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

**JOSEPH DAVIS** 435953
**Full Name of Plaintiff, Prison Number**

17-cv-0864
**Civil Action**

**VS.**

______________________
**Judge**

**WARDEN JAMES DEVILLE, MAJOR COLEMAN, CAPTAIN BOBBY TOLER, CAPTAIN CURRY, CAPTAIN CORLEY, Defendants**

______________________
**Magistrate Judge**

## COMPLAINT

**I. Previous Lawsuits**

**A.** Have you begun any other lawsuit while incarcerated or detained in any facility?
Yes ____________ No ✓

**B.** If your answer to the proceeding question is yes, provide the following information.

1. State the court(s) which each lawsuit was filed (if federal, identify the District; if state court, identify the county or parish):

______________________________________________

______________________________________________

2. Name the parties to the previous lawsuit(s):

   Plaintiffs: ______________________________

   Defendants: ______________________________

3. Docket number(s): ______________________________

4. Date(s) on which each lawsuit was filed: ______________________________

5. Disposition and date thereof [For example, was the case dismissed and when? Was it appealed and by whom (plaintiff or defendant)? Is the case still pending?]:

_______________________________________________

C. Have you filed any lawsuit or appeal in any federal district court or appeals court which has been dismissed?
Yes. ________ No. ________

If your answer to the proceeding question is yes, state the court(s) which dismissed the case, the civil action number(s), and the reason for dismissal (e.g., frivolity, malice, failure to state a claim, defendants immune from relief sought, etc.).

_______________________________________________

_______________________________________________

II. A. Name of institution and address of current place of confinement:

Winn Correctional Center, P.O. Box 1435, Winnfield, LA 71483

B. Is there a prison grievance procedure in this institution?
Yes. ✓ No. ________

1. Did you file an administrative grievance based upon the same facts which form the basis of the lawsuit?
Yes. ✓ No. ________
If Yes, what is the Administrative Remedy Procedure number? # WNC-BJG-2017-120 (UOF)

2. If you did not file an administrative grievance, answer the following question. What specific steps of the prison procedure did you take and what was the result? (For example, for state prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 3 of the administrative grievance procedure by appealing to the Secretary of the Louisiana Department of Public Safety and Corrections? For federal prisoners: did you appeal any adverse decision from the warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?)

_______________________________________________

_______________________________________________

Attach a copy of each prison response and/or decision rendered in the administrative proceeding.

III. **Parties to Current Lawsuit:**

A. Name of Plaintiff Joseph Davis

Address WNC Ash A-1-4, P.O. Box 1435, Winnfield, LA 71483

B. Defendant, James Deville ,is employed as

Warden at Winn Correctional Center

Defendant, Gary Coleman , is employed as

Major at Winn Correctional Center

Defendant, Bobby Toler , is employed as

Captain at Winn Correctional Center

Additional defendants Captain Curry, Captain Corley

## IV. Statement of Claim

State the **FACTS** of your case. Specifically describe the involvement and actions of each named defendant. Include the names of all persons involved in the incident(s) or condition(s) giving rise to this lawsuit, and the dates upon which and the place where the incident(s) and/or condition(s) occurred. **YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL ALLEGATIONS. YOU ARE NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS.**

1. Plaintiff Joseph Davis (Davis) is an inmate in the custody of the Louisiana Department of Corrections currently housed at the Winn Correctional Center located in the proximity of Winnfield, Louisiana.

2. On February 27, 2017, Davis was placed in handcuffs and escorted from the dining hall by Captain Bobby Toler, Major Coleman, Captain Curry and Lieutenant Corley.

3. Davis was taken to the secondary dining hall known as "B-Side" dining hall that is normally not used.

4. Upon arrival, and without warning, Toler slammed Davis head first into the entrance door

made of steel and glass.

5. Toler and Coleman then proceeded to escort Davis toward the Cypress Unit that serves as prehearing detention and segregated housing.

6. As Davis approached the Command Post, Toler struck Davis in the left jaw with a closed fist with so much force that Davis went to his knees.

7. As Davis, Toler, Coleman, and Corley approached the Cypress Unit outer gate, Toler punched Davis in the stomach causing him to buckle over from the force causing severe pain.

8. While on the walk outside the Cypress Unit, we were met by Captain Curry who is well known for beating inmates.

9. As we got near the entrance of Cypress Unit, Davis was struck several more times by Toler in the mouth and stomach knocking out two of Davis's front teeth.

10. Davis was then taken inside Cypress by Curry and Corley who were tugging him by the handcuffs with so much force that my arms felt like they had come out of the sockets.

11. Curry and Corley then escorted Davis to the Cypress Nurse Station and was told to get on his knees by Corley.

12. Curry then told Davis to cross his legs while on his knees knowing how difficult it would be for Davis to comply whereas Davis couldn't.

13. Curry then stepped on the back of Davis's ankles trying to break them. (Curry's weight is approximately 310 lbs.).

14. As Davis started to scream because of Curry's weight on his ankles, Curry began using racial epithets against Davis telling him if he didn't shut the "fuck" up he was going to have a slip and fall accident.

15. Davis avers that as Nurse Self attempted to examine him, Self asked Davis "What

happened?"

16. Curry intervened and stated to Self, "nothing" and told Davis "shut the fuck up."

17. At that point, Nurse Self discontinued examining me whereas I was placed in Administrative Segregation.

18. During and after the beating I suffered injury to my neck, head, shoulders, ribs, ankles stomach, and busted lips.

19. It took six days before I was actually permitted to be seen by medical personnel.

20. At all times relevant herein, Davis was handcuffed and he did not resist, provoke, disobey, or misbehave in any manner to justify the defendant's conduct.

21. It is a well-known practice that employees for LaSalle Corrections use illegal force against offenders in their care and custody.

22. It is well known that Toler has been terminated in the past for the use of illegal force against offenders.

23. It is well-known that Warden Deville condones and sanctions the unlawful use of force and corporal punishment of offenders in his care and custody.

24. It is well known that Warden Deville condones the unlawful use of force by his subordinates by his failure to act, investigate, discipline or prosecute those who do so.

25. Warden Deville has been placed on notice of the named defendant's 's conduct through inmate grievances whether verbal or written, incident reports, unusual occurrence reports, narratives, medical records, etc.

26. At all times relevant herein the defendants' acts were intentional while under color of state law.

27. Davis invokes the supplemental jurisdiction of the Court over any and all state law

claims.

28. Defendants are sued in their official and individual capacities.

## CLAIMS

I.

Plaintiff incorporates by reference that the allegations contained in paragraphs 4 through 9 in connection with the conduct of defendant Toler violates the ban on cruel and unusual punishment in contravention of the Eighth Amend., U.S.C., as such conduct was malicious to cause harm and not to restore order.

II.

Plaintiff incorporates by reference that the conduct complained of in paragraphs 4 through 14 violates the ban on cruel and unusual punishment as defendants Coleman and Corley would not intervene to restrain Toler nor Curry from their unlawful use of force against plaintiff.

III.

Plaintiff avers that the proximate cause of the injuries he sustained was the negligent failure of defendants Coleman and Corley to properly preform their statutory duty of care to protect him from harm.

IV.

Plaintiff incorporates by reference that the allegations contained in paragraphs 22 through 25 violates the ban on cruel and unusual punishment in contravention of the Eighth Amend., U.S.C. as the defendant warden has failed to act after having the requisite knowledge of his subordinate's illegal use of force, corporal punishment, and illegal conduct condoning such conduct by failing to investigate, correct, discipline, or prosecute those committing said acts evidencing deliberate indifference for those in his care and custody.

V.

Plaintiff incorporates by reference that the allegations contained in paragraphs 4 through 25 was the proximate cause of plaintiff's injuries as the defendant warden should have foreseen that hiring Toler with the requisite knowledge that Toler has a reputation for using unlawful force against offenders was gross negligence as he abdicated his duty of care owed to those in his care and custody.

VI.

Plaintiff incorporates that the allegations contained in paragraphs 10 through 14 violates the ban on cruel and unusual punishment as proscribed by the Eighth Amend., U.S.C., as the defendant Curry's use of force was unnecessary but malicious to cause harm and not restore order or discipline.

VII.

Defendant Warden Deville is vicariously liable for any and all acts of negligence committed by his subordinates.

VIII.

Plaintiff contends that the State of Louisiana through the Louisiana Department of Corrections was grossly negligent by failing to monitor the correctional services provided by LaSalle Corrections as mandated by R.S.39:1800 et seq. and should have foreseen that the failure to monitor would result in offenders being subjected to unlawful force proximately resulting in injury.

IX.

The conduct of defendant Toler and Curry in using unjustified force against plaintiff constituted aggravated battery under Louisiana state law.

**V. Relief**

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no case or statutes.

WHEREFORE, plaintiff requests the Court to grant the following relief:

A. Award compensatory damages in the following amount:

1. $25,000.00 against each defendant or in solido.

B. General damages:

1. $20,000.00 against each defendant for pain and suffering.

2. $20,000.00 against each defendant for future pain and suffering.

3. $20,000.00 mental anguish.

C. Punitive damages:

1. $50,000.00 against each defendant whether jointly, or in solido.

D. That criminal charges be filed for any battery related offenses.

E. Grant other relief as plaintiff may be entitled.

**VI. Plaintiff's Declaration**

A. I declare under the penalty of perjury that all of the facts represented in this complaint and any attachments hereto is true and correct.

B. I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

C. I understand that I may not proceed without prepayment of cost if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

**Signed this** 21st **day of** June, **20**17.

DOC #
435953
Prisoner No. (Louisiana Department of Corrections or Federal Bureau of Prisons)

Joseph Rause
Signature of Plaintiff